IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL NUTTER, et al. | : | NO. 14-7113 |

MEMORANDUM

**GOLDBERG, J.**                                                              MARCH 18, 2015

Plaintiff Jason Parker brings this action pursuant to 42 U.S.C. § 1983, based on his arrest and subsequent prosecution in the Philadelphia Municipal Court. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint with prejudice as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   FACTS

The Court understands plaintiff to be asserting constitutional claims for false arrest, excessive force, and malicious prosecution against: (a) Mayor Michael Nutter; (b) Louis Giorla, Commissioner of the Philadelphia Prison System; (c) M. Farrell, Warden of the Curran-Fromhold Correctional Facility; (d) the Philadelphia Police Commissioner and Department; (e) Police Officer Brad Momme; and (f) another Philadelphia police officer. Plaintiff claims that Officer Momme and his partner arrested him on December 12, 2011, beat him, and "treated [him] like a dog" while he was having a diabetic episode. (Compl. ¶ II.D.) He also alleges that the officers "illegally stalked" him and "charged [him] with a gun they never had." (Id.)

Plaintiff's malicious prosecution claim is based on a criminal proceeding initiated against him in Philadelphia Municipal Court for gun-related charges, which was dismissed on December

1

27, 2011. See Commonwealth v. Parker, Docket No. MC-51-CR-0052198-2011 (Phila. Municipal Ct.). On the same day he was charged with the gun-related offenses, plaintiff was charged with other offenses in a related criminal proceeding, which resulted in his conviction. See Commonwealth v. Parker, Docket No. CP-51-CR-0014583-2011 (Phila. Ct. Common Pleas); Commonwealth v. Parker, Docket No. MC-51-0052199-2011 (Phila. Municipal Ct.). The Court understands plaintiff to be alleging that he did not bring his malicious prosecution claim earlier because he "just figured out" that the officers filed the gun charges in a separate proceeding from the other charges. (Compl. ¶ V.) Plaintiff asks the Court to terminate the officers, reprimand the Mayor and Commissioner of the Police Department "for not training and properly monitor[ing] these 2 officers," and award him monetary damages. (Id.)

II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.  The Court must accept plaintiff's factual allegations as true and may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims

based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding pro se, the Court will construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III.     DISCUSSION

Pennsylvania's two-year limitations period applies to plaintiff's claims. 42 Pa. Cons. Stat. § 5524. The statute of limitations begins to run when a plaintiff has a "complete and present cause of action." Wallace v. Kato, 549 U.S. 284, 387-88 (2007) (internal quotation marks omitted). However, the limitations period in a § 1983 action may be tolled in accordance with state law. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). Pennsylvania allows for tolling based on the "discovery rule" or fraudulent concealment, which toll the limitations period until the plaintiff knew, or through the exercise of reasonable diligence could have known, of his injury and its cause. See Knopick v. Connelly, 639 F.3d 600, 607 (3d Cir. 2011).

Specifically, plaintiff's false arrest claim accrued "at the time [he became] detained pursuant to legal process." Wallace, 549 U.S. at 397. Any excessive force claims or claims based on how plaintiff was treated by officers in the course of his arrest accrued on the date of the arrest. See Large v. County of Montgomery, 307 F. App'x 606, 607 (3d Cir. 2009) (per curiam). Plaintiff was arrested on December 12, 2011, and arraigned the next day according to the dockets from his criminal proceedings. As he did not file this action until December 10, 2014—almost three years later—any claims for false arrest, excessive force used in connection with his arrest, and any other claims based on his treatment by police officers during his arrest are time-barred.[1]

---

[1] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S.

Plaintiff's malicious prosecution claim accrued at the time his criminal case terminated in his favor on December 27, 2011. See Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989). The complaint suggests that plaintiff is seeking tolling based on the fact that he did not appreciate until recently that the gun charges were filed in a separate case from the other charges, rather than in one case. Plaintiff is not entitled to tolling based on that argument. The dockets for the two criminal proceedings in municipal court reflect that a preliminary hearing was held in both cases on December 27, 2011, that plaintiff was represented by a public defender at the hearing, and that the Judge dismissed the case involving the gun charges but allowed the second case to proceed to trial. Whether or not plaintiff was present at the hearing or actually aware of the fact that he was charged in two separate proceedings, it is apparent that he had an attorney who had notice of that fact. "[A] party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Patyrack v. Apgar, 511 F. App'x 193, 196 (3d Cir. 2013) (per curiam) (internal quotation marks omitted). Accordingly, plaintiff may be charged with having notice of the facts underlying his malicious prosecution claim. Furthermore, as the publicly available dockets reveal that plaintiff was charged in two related cases, he should have been able to determine that he had been charged in two proceedings long before December of 2014, had he exercised reasonable diligence.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff's claims are barred by the statute of limitations.

---

266, 276 (1988). The complaint reflects that plaintiff handed his complaint to authorities for mailing on December 10, 2014.

**IV.	CONCLUSION**

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice as time barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

Case 2:14-cv-07113-MSG   Document 2   Filed 03/18/15   Page 6 of 6